IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Saundra W. Branson, | ) |
|         Plaintiff, | ) Civil Action No. 2:20-cv-02485-TMC |
| vs. | ) |
| Andrew M. Saul, Commissioner of Social Security Administration, | ) **ORDER** |
|         Defendant. | ) |

Plaintiff Saundra W. Branson brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI"). (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (ECF No. 20). The Report recommends that the Commissioner's decision be reversed and remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* at 1, 14. On June 28, 2021, the Commissioner filed notice with the court that he would not be filing objections to the Report. (ECF No. 21). Consequently, neither party has filed objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200

(4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a thorough and careful review of the record under the appropriate standards as set forth above, the court adopts the Report of the magistrate judge (ECF No. 20), which is incorporated herein by reference. Accordingly, the Commissioner's final decision is **REVERSED** pursuant to the fourth sentence of 42 U.S.C. § 405(g), and the case is **REMANDED** back to the Commissioner for further administrative action consistent with the Report, which is incorporated herein.

**IT IS SO ORDERED.**

        s/Timothy M. Cain
        Timothy M. Cain
        United States District Judge

Anderson, South Carolina
July 7, 2021